UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

FRANCIS R. CASILDO,

Defendant-Movant,

v.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

Case Nos.   4:22-cv-00147-BLW
4:18-cr-00175-BLW

**MEMORANDUM DECISION
AND ORDER**

Before the Court is Francis R. Casildo's Motion to Vacate, Set Aside or

Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 142 in Crim. Case No. 4:18-

cr-00175-BLW and Dkt. 1 in Civ. Case No. 4:22-cv-00147-BLW. The Court has

reviewed the record and the submissions of the parties. For the reasons set forth

below, the Court dismisses the § 2255 Motion.

## BACKGROUND

On May 22, 2018, Casildo was charged with possession with intent to

distribute methamphetamine on March 12, 2018, and March 26, 2018 (Counts One

and Two, respectively), and conspiracy to distribute a controlled substance from

February 2018, until about April 9, 2018, along with two co-Defendants (Count

**MEMORANDUM DECISION AND ORDER - 1**

Five). Each count alleged a drug quantity of fifty (50) grams or more of a methamphetamine mixture. *Indictment*, Crim. Dkt. 5. His co-Defendants pled guilty and were sentenced before Casildo went to trial. *Minute Entries*, Crim. Dkts. 40, 42, 61, and 62. Casildo was convicted of all three counts. *Minute Entries*, Crim. Dkt. 99-102. On October 16, 2019, the Court imposed a sentence of imprisonment of 235 months on each count to be served concurrently to be followed by five (5) years of supervised release. *Minute Entry*, Crim. Dkt. 114; *Judgment*, Crim. Dkt. 116.

After considering relevant conduct, the Presentence Report calculated Casildo's base offense level to be 32 to which was added a two-level role in the offense enhancement resulting in a total offense level of 34 and a criminal history category VI. *Presentence Report* at ¶¶ 20, 23, and 25, Crim. Dkt. 109. Because Casildo was deemed to have had two prior felony convictions for controlled substance offenses, he was designated a career offender pursuant to USSG § 4B1.1(b)(2) resulting in an offense level of 34 and a criminal history category of VI with a guideline range of 262 to 327 months. *Id*. at ¶¶ 26, 28, and 76. The Presentence Report, to which neither party objected, noted that the total offense level and criminal history category were the same both with and without the career offender enhancement. *Id*. at ¶¶ 26, 41-42. However, at the sentencing hearing, the Court corrected a mistaken duplication of one of Casildo's prior convictions in the

**MEMORANDUM DECISION AND ORDER - 2**

PSR. *Sent. Tr.* at 3-4, Crim. Dkt. 128. Correction of the error resulted in a criminal history category of V.

Casildo appealed his sentence contending that the Court placed undue weight on the need for deterrence when imposing his sentence. The Ninth Circuit disagreed and affirmed the sentence. *USCA Mem. Dec.*, Crim. Dkt. 132. Casildo then filed the pending § 2255 Motion alleging that (1) the Court violated his due process rights by finding that his prior conviction under Nev. Rev. Stat. § 453.321 was categorically a controlled substance offense, and (2) the erroneous career offender enhancement rendered his sentence illegal and constituted a miscarriage of justice excusing procedural default.

The Court notes that in its Response, the Government states that appellate counsel was not deficient for failing to raise the career offender issue on appeal and that Casildo was not prejudiced. *Response* at 15, Civ. Dkt. 3. In his Reply, Casildo states that he never raised an ineffective assistance of counsel claim. *Reply* at 2, Civ. Dkt. 11. The Court agrees that Casildo's § 2255 Motion does not allege ineffective assistance of counsel on any ground. Therefore, it will not engage in an ineffective assistance of counsel analysis.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

**MEMORANDUM DECISION AND ORDER - 3**

incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

**MEMORANDUM DECISION AND ORDER - 4**

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## DISCUSSION

### 1. Preliminary Observations

The Court notes that Casildo is under the mistaken impression that if the career offender enhancement had not been applied, his offense level would have been 24 based on the jury's finding of 50 grams of methamphetamine which together with a criminal history category of VI would have resulted in a guideline range of 100-125 months.[1] *§2255 Motion* at 6; 10, Civ. Dkt. 1; *Reply* at 5, Civ. Dkt. 11. However, the Indictment alleged, and the jury found, that Casildo conspired to distribute 50 grams *or more* of a methamphetamine mixture. *Indictment*, Crim. Dkt. 5; *Special Verdict*, Crim. Dkt. 106. The PSR determined that the drug quantity for which Casildo was accountable based on relevant

---

[1] In fact, if Casildo's offense level had been 24, his sentencing range would have been 92-115 given the Court's determination at sentencing that his criminal history category without the career offender enhancement was V.

conduct principles was 206.35 grams of actual methamphetamine – not 50 grams of a methamphetamine mixture.

The Court also notes that resolution of each of Casildo's asserted grounds for relief turns on whether the Court improperly imposed the career offender enhancement. Indeed, they are intertwined. The first claim for relief—that the Court violated his due process rights by finding that his prior conviction under Nev. Rev. Stat. § 453.321 was categorically a controlled substance offense—cannot be considered unless he were to prevail on the procedural default issue in the second claim that the career offender enhancement rendered his sentence illegal. On the other hand, a favorable determination on the procedural default issue in the second claim essentially would lead to a favorable determination on the first claim.

## 2.  Procedural Default

Apparently recognizing that he cannot challenge the career offender enhancement in a §2255 proceeding given that he did not challenge it on appeal, Casildo claims that the erroneous career offender enhancement rendered his sentence illegal and constituted a miscarriage of justice excusing procedural default. The Court does not agree.

Habeas or collateral review "is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621

(1998) (citations omitted). When a defendant fails to raise an issue on appeal, he may not pursue it collaterally unless he meets the "significant procedural hurdles" of first demonstrating either "cause" and "actual prejudice" or that he is "actually innocent." *Id.* (citations omitted). In other words, he "must show (1) cause for why he did not object to or directly appeal the alleged error and (2) actual prejudice resulting from the error to overcome that default." *United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021) (citing *Bousley*, 523 U.S. at 622). A court need not address the cause issue if there is no evidence of sufficient actual prejudice. *Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).

Here, Casildo contends that he would have received a much lower sentence had the career offender enhancement not been applied. However, as shown above, the premise of his argument is incorrect. Without the enhancement, his total offense level would still have been 34.

Because at sentencing the Court lowered Casildo's criminal history category to V, without the career offender enhancement his guideline range would have been 235-293 months – much higher than the 100-125 months Casildo contends it would have been. Therefore, even if the Court had erroneously imposed the career offender enhancement, Casildo cannot demonstrate prejudice. The 235-month sentence was at the low end of what the guideline range would have been without the enhancement. Furthermore, he cannot show that application of the

**MEMORANDUM DECISION AND ORDER - 7**

enhancement resulted in an illegal sentence or miscarriage of justice to excuse the default.

### 3. Career Offender Enhancement

The United States Sentencing Guidelines provide for a sentencing enhancement for a career offender as it is defined in those guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). For purposes of this enhancement, as relevant here, "the term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Here, the predicate offenses for Casildo's career offender enhancement were a 2006 state conviction for sale of a controlled substance in violation of Nev. Rev. Stat. § 453.321 in the District Court of Clark County, Nevada, and a 2011 conviction in the United States District Court for the District of Utah for

**MEMORANDUM DECISION AND ORDER - 8**

distribution of cocaine base. *See PSR* at ¶ 28, Crim. Dkt. 109. He challenges the applicability of the Nevada offense only.

Casildo claims that § 453.321 was not categorically a controlled substance offense at the time of the sentencing because the Ninth Circuit had already decided otherwise pursuant to *United States v. Turner*, 706 Fed. Appx. 345 (9th Cir. 2017) (*Turner I*).

Casildo is correct that *Turner* found that the statute is not categorically a controlled substance offense. The Ninth Circuit found that the Nevada statute was overbroad because it contains some substances not listed in the federal Controlled Substances Act. *Id.* at 346. However, that was not the end of the inquiry. The court remanded the matter to the district court "to determine in the first instance whether N.R.S. § 453.321 is divisible and, if necessary, to apply the modified categorical approach." *Id*. In other words, determining that the statute was not *categorically* a controlled substance offense did not mean that it could not serve as a predicate offense.

On remand, the district court decided that the statute was indivisible. *See United States v. Turner*, No. 3:16-cr-00003-MMD-WGC, 2018 WL 813875 (D. Nev. Feb. 9, 2018) (*Turner II*). However, as the Government here argues, and the Court discusses below, that court did not consider or have before it the guidance of certain other cases and, in any event, *Turner* is not binding in this district.

**MEMORANDUM DECISION AND ORDER - 9**

Rather than rely on *Turner II*, The Court turns to an en banc decision of the Ninth Circuit that addressed the issue of whether an overbroad California drug statute was divisible and therefore subject to a modified categorial approach to determine whether it could constitute a predicate drug trafficking offense. *See United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017). The Court will follow *Martinez-Lopez*'s three-step analysis. *Id*. at 1038-39.

### A. Step One

The first step is to ask whether the state law is a categorial match with a federal drug trafficking offense. Here, it is apparent and undisputed that the Nevada statute is not a categorial match because some of the controlled substances listed in the Nevada statute are not listed in the federal statute. Therefore, it becomes necessary to move to the second step.

### B. Step Two

At the second step, courts determine whether the state statute is divisible in that it sets out one or more elements of the offense, thus defining multiple crimes. *Martinez-Lopez*, 864F.3d at 1039. The courts should "consult 'authoritative sources of state law' to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime." *Id*. (quoting *Mathis v. United States*, 579 U.S. 500, 518 (2016)).

When a state court decision "definitively answers the question," of whether the statute is divisible, the court may proceed to the third step. *Id*. If there is no such state court decision or if the statute on its face does not resolve the question, the court can look to the documents in the record. *Id*.

Here, the subject statute has two clauses: one addressing the identity of the controlled substance and the other addressing the *actus reus*. Each clause must be divisible to proceed to the third step of the analysis. Here, based on several Nevada Supreme Court decisions, both clauses are divisible. *See United States v. Figueroa-Beltran*, 995 F.3d 724 (9th Cir. 2021) (finding that the similar Nev. Rev. Stat. § 453.337 is divisible in that the identity of the controlled substance is an element of the offense based on the guidance of *Figueroa-Beltran v. United States*, 467 P.2d 615, 618 (Nev. 2020)); *see also Rivera-Esquivel v. Garland*, No. 15-73482, 2021 WL 5298000, at *1 (9th Cir. Nov. 15, 2021) (finding that § 453.321 is divisible as to its *actus reus* requirement citing "binding Nevada Supreme Court cases"); *Sparks v. State*, 591 P.2d 268, 269 (Nev. 1979) (per curiam); *Hamilton v. State*, 582 P.2d 376, 377 (Nev. 1978) (per curiam); *Ward v. Sheriff, Clark Cnty.*, 529 P.2d 798, 799 (Nev. 1974) (per curiam)).

### C. Step Three

Having established that § 453.321 is divisible as to both requirements, a court may then apply the modified categorical approach by "examin[ing] judicially

noticeable documents of conviction 'to determine which statutory phrase was the basis for the conviction.'" *Martinez-Lopez*, 864 F.3d at 1039 (citations omitted).

Here, the Government included documentation of Casildo's Nevada conviction with its Response. *See Response*, Exs. 5-8, Civ. Dkt. 6-2 to 6-5. The Information charged Casildo with the crime of "sale of controlled substance (Category B Felony – NRS 453.321) by willfully, unlawfully, and feloniously sell[ing] to J. Burns, a controlled substance, to-wit: Cocaine and/or Methamphetamine." *Information*, Civ. Dkt. 6-2. The Guilty Plea Agreement evidences Casildo's plea to that same charge. *Guilty Plea Agreement,* Civ. Dkt. 6-3. The Minutes reflect the plea to and sentence for sale of a controlled substance. *Register of Actions*, Civ. Dkt. 6-4. The Judgment confirms that he was convicted of the charge in the Information. *Nevada Judgment*, Civ. Dkt. 6-5.

It is abundantly clear that Casildo's prior conviction was a controlled substance offense and was properly considered as a predicate to the career offender enhancement. Thus, Casildo's claims are subject to dismissal.

## 4. Issue Raised in Reply

In his Reply, Casildo raises for the first time the argument that "the Court should not have applied the career offender enhancement because each of his instant offenses is an inchoate drug offense, which does not qualify as a predicate offense under the plain language of the Guidelines." *Reply* at 7-10, Civ. Dkt. 11.

More specifically, he contends that "none of his instant offenses (Counts 1 and 2, aiding and abetting possession with intent to distribute meth in violation of 21 U.S.C. §841(b)(1)(C) and 2; Count 5, conspiracy to distribute meth in violation of 21 U.S.C. § 846 and 841(b)(1)(B), qualify as a controlled substance offense under §4B1.1 because the Guidelines definition of a 'controlled substance offense' does not include inchoate crimes." *Id*. at 8. The Court notes that he was convicted of possession with intent and not with aiding and abetting possession with intent to distribute methamphetamine. *See Special Verdict*, Crim. Dkt. 106.

The Court will not address this issue. Claims that are raised for the first time in a reply filed in a § 2255 proceeding are waived. *See United States v. Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010); *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in [habeas] petitioner's reply brief are deemed waived."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); *United States v. Smith*, No. 2:13-CR-14-RMP-1, 2020 WL 1666637, at *2 (E.D. Wash. Apr. 3, 2020) (declining to review § 2255 movant's attempt to reframe his ineffective assistance of counsel in his reply because a "party may not raise a new issue in a reply brief").

## CONCLUSION

**MEMORANDUM DECISION AND ORDER - 13**

Casildo's claims are subject to dismissal without an evidentiary hearing. There are no factual issues to resolve, and the evidence in the record is sufficient for deciding those claims.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Casildo's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.    Casildo's Motion to Vacate, Set Aside or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 142 in Case No. 4:18-

**MEMORANDUM DECISION AND ORDER - 14**

cr-00175-BLW and Civ. Dkt. 1 in Civ. Case No. 4:22-cv-00147-BLW) is **DISMISSED**.

2.     No Certificate of Appealability shall issue. If Casildo wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

**3.**     If Casildo files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: June 29, 2023

B. Lynn Winmill
U.S. District Court Judge