UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS R. CASILDO,<br><br>Defendant. | Case No. 4:18-cr-00175-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant's pro se motion for reduction of sentence, brought pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. *See* Dkt. 161. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

### BACKGROUND

On October 16, 2019, the Court sentenced Mr. Casildo to 235 months' imprisonment and five years' supervised release after he was found guilty of conspiring to distribute a controlled substance and possessing, with intent to distribute, a controlled substance. *Judgement*, Dkt. 116. The Court applied the Career Offender enhancement to the Defendant. *See Statement of Reasons*, Dkt. 115, ¶ I.B.3; *see also Transcript,* Dkt. 128, at 4. Defendant's guidelines-range

sentence was 262 to 327 months, based on a Total Offense Level of 34 and a Criminal History Category of VI. *Statement of Reasons,* Dkt. 115, ¶ III.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1,

2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

    **A.**     **Part A**

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, however, Mr. Casildo's criminal history category of VI was based on his designation as a career offender. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Accordingly, even if Mr. Casildo were entitled to a reduction in status points, his criminal history category would remain at VI and his guidelines range would stay precisely the same. He is therefore ineligible for sentence

reduction under Section 3582(c)(2). *See* U.S.S.G. § 1B1.10 app. note 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline…").

B.   Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B of the amendment would not apply here because Mr. Casildo is not a zero-point offender. Plus, as already explained, Mr. Casildo's criminal history category of VI was based on his designation as a career offender.

ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 161) is **DENIED**.

DATED: October 23, 2024

B. Lynn Winmill
U.S. District Court Judge